REQUESTED BY: Dear Senator:
You have asked our opinion on the constitutionality of your amendments to LB 64. LB 64, in its original form, would repeal the death penalty provisions of Nebraska statutes. In its place it substitutes life imprisonment. Your amendments to LB 64 would provide for a sentence of not less than thirty years nor more than ninety years for each count and would provide that there would be no provision for parole. We find no constitutional infirmatives in such a proposal.
Article IV, Section 13, Constitution of Nebraska, provides for the establishment of a Parole Board. That constitutional provision reads in part:
 ". . . Said board, or a majority thereof, shall have power to grant paroles after conviction and judgment, under such conditions as may be prescribed by law, for any offenses committed against the criminal laws of this state except treason and cases of impeachment. . . ."
The clear import of that constitutional provision is that the Board of Parole, subject to such conditions as may be prescribed by law, has the sole constitutional authority to grant paroles. Your amendment to LB 64, if passed, would constitute a valid condition or restriction placed upon the granting of a parole. We would point out that the effect of your amendment would not change a convicted first degree murderer's parole eligibility status from that which he holds under the current law. Under current law, a first degree murderer, upon conviction, will receive either the death penalty or a sentence of life imprisonment. A person receiving a life sentence for first degree murder is not eligible for parole until such time as the Board of Pardons, in exercising its constitutional authority, commutes his life sentence to either a determinate number of years or an indeterminate sentence, the minimum of which may be used to calculate his parole eligibility. Your amendment to LB 64 would, therefore, not change a convicted first degree murderer's parole eligibility status.
We feel it necessary to point out that LB 64, in either its original form or your amended form, could not affect or eliminate the exercise of the pardoning power held by the Governor, the Secretary of State, and the Attorney General as granted in Article IV, Section 13, Constitution of Nebraska. A life sentence or a sentence of thirty to ninety years without parole would not and could not prevent the Board of Pardons from commuting such sentence to a certain term of years. Because the Board of Pardons is granted the power to grant pardons and commutations by the Constitution, legislation cannot impair the exercise of that power, either directly or indirectly, and therefore LB 64, were it to be enacted into law either in its original form or its amended form, could not restrict the pardoning power of the board over the class of offenders to which it applies.
In our opinion, the language of the constitutional provision relating to the Board of Pardons fixes absolute the power to pardon in the Governor, the Secretary of State, and the Attorney General. Except for the express restriction concerning treason and impeachment, the grant of pardoning power to the board is absolute, and such unlimited language has been historically so construed.
One final legal question which we feel we must address is whether or not the establishment of a thirty to ninety year sentence without parole for persons convicted of first degree murder only is class legislation and therefore invalid. We believe that it is not. The general test of the validity of class legislation is whether or not the class against which the legislation is directed is an arbitrarily and capriciously selected class and therefore unfairly discriminated against. We believe that in the case of LB 64 that the class of persons constituting convicted first degree murderers can easily and readily be distinguished from all other classes of convicted murderers and felons. The offensive and reprehensive nature of the acts committed by first degree murderers and the societal need to deter and have retribution for such conduct would appear to be sufficient and justifiable reason for treating that class of convicted felons differently.
It is our conclusion, therefore, that should LB 64 be enacted into law, either in its original form or your amended form, it would be valid.